UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN MICHAEL BRIN,<br><br>                 Plaintiff,<br><br>   v.<br><br>JOSHUA HARTWICK, et al.,<br><br>                 Defendants. | CASE NO. C24-1019JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Darren Michael Brin's motion to remand. (Mot. (Dkt. # 6); Reply (Dkt. # 12).) Defendants Joshua Hartwick, Felicia Espana, James Jordal, and Keith Polzin (collectively, "Defendants") oppose the motion. (Resp. (Dkt. # 10).) Because the motion is fully briefed, the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide it before the noting date. *See* Fed. R. Civ. P. 1 (stating the court should construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). The court

ORDER - 1

has considered the motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the governing law. For the reasons explained below, the court DENIES the motion.

## II. BACKGROUND

Mr. Brin commenced this action in King County Superior Court on April 18, 2024, alleging Defendants violated his constitutional rights by subjecting him to a false arrest. (Compl. (Dkt. # 1-1) at 1-5.) Mr. Brin asserts claims under several federal statutes, including 42 U.S.C. § 1983, 42 U.S.C. § 1986, and 18 U.S.C. §§ 241-42. (*Id.* at 2-3.) Mr. Brin also brings state law claims under article I, section 7 of the Washington Constution, as well as Washington House Bill 1310 (effective July 25, 2021). (*Id.* at 3.) Finally, Mr. Brin asserts claims for "oath of office violations," "armed abuse of office," "armed abuse of authority," "armed operating status w/o bond or insurance," and "armed deprivation of rights." (*Id.* at 3-4 (capitalization altered).) Defendants removed the action to this court on July 11, 2024, invoking federal question subject matter jurisdiction. (Removal Not. (Dkt. # 1) ¶¶ 5-9.) Mr. Brin filed the instant motion to remand four days later on July 15, 2024. (*See generally* Mot.)

## III. ANALYSIS

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"—commonly known as "federal question jurisdiction." 28 U.S.C. § 1331. Removal based on federal question jurisdiction is reviewed under the

"well-pleaded complaint" rule, which provides that federal question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Because federal claims appear on the face of Mr. Brin's complaint, the court has subject matter jurisdiction over this action and removal was proper. (*See* Compl. at 2-3.)

That Mr. Brin asserts claims under both federal and state law is of no consequence to the removal calculus. (*See* Mot at 2 (arguing remand is proper because Mr. Brin asserts state law claims); Reply at 2 (same).) As Defendants correctly observe, "[w]hen a plaintiff chooses to plead a federal claim, removal is the *defendant's* option." (Resp. at 3 (citing *Caterpillar*, 482 U.S. 386).) Indeed, the Ninth Circuit has explained as follows:

> A plaintiff is the master of the plaintiff's complaint, and has the choice of pleading claims for relief under state or federal law (or both). . . . [I]f these claims give rise to concurrent jurisdiction, the plaintiff may choose to file in either state or federal court. But if the plaintiff elects state court, the defendant then has the option of removing the case from state court to federal court under the general removal statute, 28 U.S.C. § 1441. The upshot is that . . . the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court under most circumstances.

*Hansen*, 902 F.3d at 1056 (internal citations and quotations omitted). Mr. Brin could have avoided removal by pleading only state law claims, but he elected to plead federal claims. In light of those federal claims, removal was proper.

Mr. Brin's other arguments similarly fail. Defendants' status as municipal police officers and the location of the offense conduct in the City of Bothell do not affect this court's subject matter jurisdiction. (*See* Mot. at 2.) And Mr. Brin's reliance on federal

ORDER - 3

bankruptcy law as a basis for remand is illogical and inapposite, as this Section 1983 case poses no bankruptcy issues. (*See id.*) Accordingly, remand is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Brin's motion to remand (Dkt. # 6).

Dated this 1st day of August, 2024.

JAMES L. ROBART
United States District Judge