1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

DARREN MICHAEL BRIN,

CASE NO. C24-1019JLR

11

Plaintiff,

ORDER

v.

12

13

JOSHUA HARTWICK, et al.,

Defendants.

14

15

## I.   INTRODUCTION

16

This matter is before the court on *pro se* Plaintiff Darren Michael Brin's second

17

motion for leave to file an amended complaint.  (2d Mot. (Dkt. # 20-1); Reply (Dkt.

18

# 23); *see also* Prop. Am. Compl. (Dkt. # 20).)  Defendants Joshua Hartwick, Felicia

19

Espana, James Jordal, and Keith Polzin (collectively, "Defendants") oppose Mr. Brin's

20

motion.  (Resp. (Dkt. # 21).)  The court has considered the parties' submissions, the

21

22

1 | balance of the record, and the applicable law.  Being fully advised,[1] the court GRANTS

2 | in part and DENIES in part Mr. Brin's motion.

3 | ## II.   BACKGROUND

4 | Mr. Brin commenced this action in King County Superior Court on April 18,

5 | 2024, alleging that Defendants violated his constitutional rights by subjecting him to a

6 | false arrest.  (Compl. (Dkt. # 1-1) at 1-5.)  In his original complaint, Mr. Brin asserted

7 | several federal claims under 42 U.S.C. § 1983, 42 U.S.C. § 1986, 18 U.S.C. §§ 241-42,

8 | and other state law claims.  (*Id.* at 2-3.)  He also asserted claims for "oath of office

9 | violations," "armed abuse of office," "armed abuse of authority," "armed operating status

10 | w/o bond or insurance," and "armed deprivation of rights."  (*Id.* at 3-4 (capitalization

11 | altered).)  On July 11, 2024, Defendants removed the action to this court, invoking

12 | federal question subject matter jurisdiction.  (Removal Not. (Dkt. # 1) ¶¶ 5-9.)

13 | Defendants answered Mr. Brin's complaint on July 26, 2024.  (Answer (Dkt. # 11).)

14 | Trial in this matter is set for October 20, 2025.  (*See* 9/10/24 Order (Dkt. # 16).)

15 | On February 25, 2025, Mr. Brin timely moved for leave to file an amended

16 | complaint.  (*See* 1st Mot.; 9/10/24 Order (setting the deadline to amend pleadings for

17 | April 8, 2025).)  On April 13, 2025, after the deadline to amend pleadings, Mr. Brin

18 | moved for leave to file the proposed amended complaint now before the court.  (*See* 2d

19 | Mot.)  Mr. Brin represents that he "rework[ed]" his proposed amended complaint "to

20 |

21 |

[1] The parties do not request oral argument (*see* 2d Mot.; Resp.), and the court concludes that oral argument is not necessary to decide the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1   ensure clarity, specificity, and procedural compliance." (*Id.* at 2.)  Accordingly, the court

2   construed Mr. Brin's present motion as withdrawing his first motion for leave to file an

3   amended complaint, and therefore struck Mr. Brin's first motion for leave to file an

4   amended complaint.  (*See* 1st Mot.; 4/17/25 Order (Dkt. # 21).)

5       Mr. Brin's proposed amended complaint alleges claims under § 1983 for

6   violations of the Fourth Amendment, Fifth Amendment, and false imprisonment,

7   § 1985(3), and § 1986.  (Prop. Am. Compl. ¶¶ 20-24.)[2]  Defendants ask the court to deny

8   Mr. Brin's motion to amend his complaint for failure to demonstrate good cause for

9   moving to amend after the amended pleading deadline.  (Resp. at 2.)

10                    **III.   ANALYSIS**

11      Ordinarily, Federal Rule of Civil Procedure 15(a) governs motions for leave to

12  amend the complaint.  Fed. R. Civ. P. 15.  Once the court's deadline for filing amended

13  pleadings has passed, however, a party's motion to amend a pleading is governed by Rule

14  16.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Under

15  Rule 16, a party must show "good cause" for an amendment to justify modifying the case

16

17      [2] Nearly all of the claims now alleged in Mr. Brin's proposed amended complaint were
    alleged in his original complaint.  Notably, however, his proposed amended complaint does not
    replead claims under 18 U.S.C. § 241, 18 U.S.C. § 242, the Washington State Constitution,
18  claims under "Washington State SB-1310," or claims for "Oath of Office Violations," "Armed
    abuse of Office," "Armed abuse of authority," "Armed operating status w/o bond or insurance to
19  counteract potential officer misconduct, or people's rights violations," or "Armed deprivation of
    Rights."  (*Compare* Compl. at 3-4 *with*, Prop. Am. Compl.)  An amended complaint supersedes
20  all previous complaints.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997),
    *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).
21  All facts and causes of action alleged in the original complaint that are not alleged in the
    amended complaint are waived.  *Forsyth*, 114 F.3d at 1474.  The court accordingly construes Mr.
22  Brin's filing of his proposed amended complaint as abandoning the aforementioned claims from
    his original complaint that he did not replead.

1   scheduling order.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good

2   cause and with the judge's consent.").   "Rule 16(b)'s 'good cause' standard primarily

3   considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

4         If a party demonstrates good cause for a belated motion to amend, the moving

5   party "must then demonstrate that amending the pleading at issue is proper under Rule

6   15." *Todd R. v. Premera Blue Cross Blue Shield of Alaska*, No. C17-1041JLR, 2021 WL

7   322726, at *2 (W.D. Wash. Feb. 1, 2021) (citations omitted).  Under Rule 15, the court

8   should freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).

9   The court assesses five factors in considering whether to grant leave to amend a pleading

10  under Rule 15(a)(2):  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party,

11  (4) futility of amendment, and (5) whether the party has previously amended its pleading.

12  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

13        Below, the court first assesses whether Mr. Brin has demonstrated good cause for

14  his belated request for leave to amend, and then addresses whether leave to amend is

15  proper.

16  **A.      Good Cause Standard Under Rule 16**

17        Defendants assert that Mr. Brin has not demonstrated good cause.  (Resp. at 2.)

18  Mr. Brin responds that good cause exists because he "promptly sought amendment after

19  receiving" Defendants' response to his earlier proposed amended complaint, and "acted

20  diligently in addressing procedural concerns."  (Reply at 2.)  He also states that "any

21  delay . . . arose from a sincere effort to follow [c]ourt directives and ensure procedural

22  compliance."  (*Id*.)  Mr. Brin filed his earlier motion to amend on February 25, 2025—

1   well before the April 8, 2025 deadline for amended pleadings.  (*See* 1st Mot.; 9/10/24

2   Order.)  Mr. Brin filed the present motion and proposed amended complaint five days

3   after the amended pleadings deadline to "rework[]" his proposed amended complaint to

4   address Defendants' response to his earlier motion.  (*See* 2d Mot. at 2.)  Accordingly, the

5   court concludes that Mr. Brin acted diligently and has demonstrated good cause to

6   amend.

7   **B.      The Propriety of the Proposed Amended Pleading Under Rule 15**

8          Having demonstrated good cause to amend, Mr. Brin must also "demonstrate that

9   amending the pleading at issue is proper under Rule 15." *Todd*, 2021 WL 322726, at *2.

10  Because the court has already concluded that Mr. Brin acted diligently absent undue

11  delay, there is no evidence of bad faith, and he has not previously amended his complaint,

12  the court examines only the prejudice and futility factors below.  *See Allen*, 911 F.2d at

13  373.

14         a.  Prejudice

15         Defendants do not assert that they would be prejudiced by Mr. Brin's proposed

16  amendments.  (*See generally* Resp.)  Furthermore, the allegations in the proposed

17  amended complaint do not significantly depart from those of his original complaint, and

18  Mr. Brin sought leave to amend only five days after the applicable deadline had passed.

19

20

21

22

1   (*Compare* Compl., *with* Prop. Am. Compl.)  Accordingly, the court finds no prejudice to

2   Defendants here.

3            b.  Futility

4            "Futility alone can justify the denial of a motion for leave to amend."  *Nunes v.*

5   *Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  A proposed amendment is futile if the

6   amendment fails to state a claim.  *See Page v. Clark Cty. Fire Dist. 6*, 733 F. Supp. 3d

7   1006, 1024 (W.D. Wash. 2024); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293,

8   1298 (9th Cir. 1998) ("A claim in a proposed amended complaint is futile if it would be

9   immediately subject to dismissal pursuant to Rule 12(b)(6) . . . for failure to state a

10  claim").

11           To state a claim, a plaintiff must provide "sufficient factual matter, accepted as

12  true, to state a claim that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

13  (2009).  "A claim has facial plausibly when the plaintiff pleads factual content that allows

14  the court to draw the reasonable inference that the defendant[s] [are] liable for the

15  misconduct alleged."  *Id.*  A proposed amendment is futile "only if no set of facts can be

16  proved under the amendment to the pleadings that would constitute a valid and sufficient

17  claim or defense[.]"  *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir.

18  2018).  The court examines each of Mr. Brin's claims in his proposed amended complaint

19  with these principles in mind.

20           *i.  Fourth Amendment Claim for Unlawful Detention and Search*

21           To state a claim under § 1983 for unlawful detention under the Fourth

22  Amendment, a plaintiff must allege that he was detained without reasonable suspicion.

ORDER - 6

1    *Hills v. City of Chula Vista*,  No. 23-cv-1067-DMS-DDL, 2024 WL 4896588, at *4 (S.D.

2    Cal. Nov. 26, 2024) (citing *Florida v. Royer*, 460 U.S. 491, 500 (1983)).  Reasonable

3    suspicion exists when, "in light of the totality of the circumstances, the officer [who

4    detained the plaintiff] had a particularized and objective basis for suspecting the

5    particular person stopped of criminal activity."  *U.S. v. Basher*, 629 F.3d 1161, 1165 (9th

6    Cir. 2011).

7         Here, Mr. Brin alleges that Defendants unlawfully detained him without

8    reasonable suspicion.  (Prop. Am. Compl. ¶¶ 3, 15; *see id.* ¶ 16).)  He asserts that on or

9    about February 23, 2023 or February 24, 2023, he was standing outside when Sergeant

10   Hartwick and Officer Polzin approached him, "asked vague questions" and handcuffed

11   him, "despite that [he] lack[ed] any physical resemblance to the suspect [Defendants]

12   were allegedly looking for" and despite that Defendants did not witness him commit a

13   crime.  (*Id.* ¶¶ 2, 3, 11.)  He further asserts that Officer Espana conducted a "'field show'

14   after the actual suspect was ruled out," yet Mr. Brin "remained in handcuffs."  (*Id.* ¶ 12.)

15   He also alleges that Officer Espana "altered her narrative report and signed a witness

16   statement she did not personally observe."  (*Id.* ¶ 13.)  Mr. Brin contends that Sergeant

17   Hartwick said that Defendants had probable cause to detain him, but that "a judge

18   reviewing the related criminal matter against the alleged suspect explicitly found that

19   there was no probable cause and dismissed the case."  (*Id.* ¶ 17.)  The court concludes

20   that Mr. Brin's proposed amended complaint alleges sufficient facts to show that he was

21   detained without reasonable suspicion.  Accordingly, the court grants Mr. Brin's motion

22   with respect to his Fourth Amendment unlawful detention claim.

1    The court reaches a different conclusion regarding Mr. Brin's Fourth Amendment

2    unlawful search claim. (*Id.*) The Fourth Amendment provides, in relevant part, "[t]he

3    right of the people to be secure in their persons, houses, papers, and effects, against

4    unreasonable searches[.]" U.S. Constit. amend. IV. "The threshold consideration in

5    whether a search occurs under the Fourth Amendment is whether 'a person has a

6    constitutionally protected reasonable expectation of privacy.'" *Audrey G. v. City of*

7    *Lafayette*, No. 21-CV-03545-WHO, 2021 WL 5565839, at *3 (N.D. Cal. Nov. 29, 2021).

8    Mr. Brin alleges that he was "searched" by Sergeant Hartwick and Officer Polzin, but

9    does not provide any facts describing the actions of the officers, including what they

10   allegedly did to search Mr. Brin. (*See, e.g.*, Prop. Am. Compl. ¶ 11; *see also id.* ¶¶ 2, 15,

11   20.) Mr. Brin's allegations are conclusory and do not permit the court to draw the

12   reasonable inference that Defendants committed the alleged misconduct. *Ashcroft v.*

13   *Iqbal*, 556 U.S. 662, 678 (2009). *See Manlove v. Cnty. of San Diego*, No. 3:24-CV-0801-

14   CAB-MMP, 2024 WL 5112744, at *4 (S.D. Cal. Dec. 13, 2024) (dismissing plaintiff's

15   Fourth Amendment unlawful search claim in part because plaintiff did not allege facts to

16   show what the defendants did to search his vehicle). Accordingly, the court denies Mr.

17   Brin's motion with respect to his Fourth Amendment unlawful search claim.

18                    *ii.  Fifth Amendment Claim*

19           Mr. Brin also alleges a § 1983 claim for unlawful detention under the Fifth

20   Amendment. (Prop. Am. Compl. ¶ 22.) This claim fails as a matter of law. The Fifth

21   Amendment prohibits *federal* officials—not state officials—from depriving persons of

22   due process. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005). Mr.

1    Brin alleges that each of Defendants are employees of the City of Bothell Police

2    Department; therefore, Defendants are not federal officials.  (*See* Prop. Am. Compl. ¶¶ 8-

3    9.)  Accordingly, Mr. Brin's motion is denied with respect to his Fifth Amendment claim.

4                          *iii.   False Imprisonment*

5         To state a § 1983 claim for false imprisonment, Mr. Brin must allege facts

6    demonstrating that Defendants did not have probable cause to arrest[3] him.  *See Cabrera*

7    *v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).  Mr. Brin alleges that he

8    was unlawfully restrained without probable cause.  (Prop. Am. Compl. ¶¶ 3, 11, 13, 21;

9    *see id.* ¶ 2 (alleging that Defendants detained him even though he lacked physical

10   resemblance to the suspect).)  These allegations accordingly suffice to state a § 1983 false

11   imprisonment claim, and Mr. Brin's motion is granted with respect to this claim.

12                          *iv.   Section 1985(3) Claim*

13        Mr. Brin also pleads that Defendants violated 42 U.S.C. § 1985(3).  (*Id.* ¶ 23.)

14   Section 1985(3) "prohibits conspiracies for the purpose of depriving, either directly or

15   indirectly, any person or class of persons of the equal protection of the laws[.]"  *Holgate*

16   *v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).  Mr. Brin does not allege any facts

17   sufficient to plead a conspiracy under § 1985(3).  Allegations that have been held

18   sufficiently specific to properly state a claim for conspiracy include those that "identify

19

20        [3] The Ninth Circuit has defined "arrest" as:  "'the taking or detainment (of a person) in custody by authority of law; legal restraint of the person; custody;
21   imprisonment.'"  *Yith v. Nielsen*, 881 F.3d 1155, 1167 (9th Cir. 2018) (quoting *United States v. Leal-Felix*, 665 F.3d 1037, 1041 (9th Cir. 2011)).
22

1  the period of the conspiracy, the object of the conspiracy, and certain other actions of the

2  alleged conspirators taken to achieve that purpose," as well as those that "identify which

3  defendants conspired, how they conspired and how the conspiracy led to a deprivation of

4  . . . constitutional rights[.]" *Holgate*, 425 F.3d at 998-99 (internal quotations and

5  citations omitted).  Other than alleging that Defendants "acted in concert to deprive [him]

6  of equal protection under the law[,]" Mr. Brin fails to plead any facts showing an

7  agreement among Defendants to conspire against him.  Accordingly, as pleaded, Mr.

8  Brin's claims are insufficient to state a § 1985(3) claim.  (Prop. Am. Compl. ¶ 23; *see*

9  *generally* Prop. Am. Compl.)  The court therefore denies Mr. Brin's motion for leave to

10  amend with respect to his § 1985(3) claim.

11                              *v.   Section 1986 Claim*

12        Mr. Brin also alleges that Defendants violated § 1986 because "[e]ach Defendant

13  had the power and duty to prevent violations and failed to do so."  (*Id.* ¶ 24.)  Under

14  § 1986,

15        [e]very person who, having knowledge that any of the wrongs conspired to
          be done, and mentioned in [S]ection 1985 of this title, are about to be
16        committed, and having power to prevent or aid in preventing the commission
          of the same, neglects or refuses so to do, if such wrongful act be committed,
17        shall be liable to the party injured[.]

18  42 U.S.C. § 1986.  In order to assert a § 1986 claim, Mr. Brin must also plausibly plead a

19  § 1985 claim.  *See Farley v. Henderson*, 883 F.2d 709, 711 n.3 (9th Cir.

20  1989) ("[Plaintiff] is precluded from bringing a claim under 42 U.S.C. § 1986 because he

21  has failed to allege a claim under 42 U.S.C. § 1985.")  Because Mr. Brin has not

22

1   plausibly pleaded a claim under § 1985(3), his § 1986 claim also fails.  Accordingly, Mr.

2   Brin's motion is denied with respect to his § 1986 claim.

3                    *vi.  Claims Against Officer Jordal*

4        A plaintiff must set forth the specific factual basis supporting his claim for each

5   individual defendant's liability.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

6   Mr. Brin does not include any allegations showing that Officer Jordal participated in any

7   of the alleged violations.  (*See generally* Prop. Am. Compl.)  Accordingly, the court

8   denies Mr. Brin's motion with respect to his claims against Officer Jordal.

9   **C.    Limited Leave to Amend**

10       As stated, the court denies Mr. Brin's motion with respect to his Fourth

11  Amendment unlawful search claim, his Fifth Amendment claim, his § 1985(3) claim, his

12  § 1986 claim, and his claims against Officer Jordal.  A trial court may dismiss a claim

13  *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) after giving the plaintiff

14  notice of its intent to dismiss and affording the plaintiff an opportunity to respond.  *Reed*

15  *v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) (quoting *Lee v. City of Los Angeles*,

16  250 F.3d 668, 683 n.7 (9th Cir. 2001)).  A *sua sponte* dismissal without leave to amend is

17  appropriate "only where the plaintiff cannot possibly win relief."  *Id.* at 1208 (quoting

18  *Lee*, 250 F.3d at 683 n.7 (internal quotation marks omitted)).

19       Because the court concludes that Mr. Brin could possibly state a Fourth

20  Amendment unlawful search claim, a § 1985(3) claim, a § 1986 claim, or claims against

21  Officer Jordal with additional factual allegations, the court will permit him to include

22  these claims—in addition to his Fourth Amendment unlawful detention and false

1   imprisonment claims—in his amended complaint.[4]  Mr. Brin is ORDERED to file an

2   amended complaint that comports with this order **by May 19, 2025**.  The court warns Mr.

3   Brin, however, that failure to correct the deficiencies identified in this order with respect

4   to his Fourth Amendment unlawful search claim, his § 1985(3) claim, his § 1986 claim,

5   and his claims against Officer Jordal will result in dismissal of those claims with

6   prejudice.

7                          **IV.    CONCLUSION**

8        For the foregoing reasons, Mr. Brin's motion for leave to file an amended

9   complaint is GRANTED in part and DENIED in part (Dkt. # 20).  Specifically:

10            (1) Mr. Brin's motion is GRANTED with respect to his Fourth Amendment

11   unlawful detention claim;

12            (2) Mr. Brin's motion is GRANTED with respect to his false imprisonment claim;

13            (3) Mr. Brin's motion is DENIED with respect to his Fifth Amendment claim, and

14   his Fifth Amendment claim is DISMISSED with prejudice;

15            (4) Mr. Brin's motion is DENIED with respect to his Fourth Amendment unlawful

16   search claim, his § 1985(3) claim, his § 1986 claim, and his claims against Officer Jordal.

17   These claims are DISMISSED without prejudice and with leave to amend;

18            (5) Mr. Brin is ORDERED to file his amended complaint on the docket that

19   conforms to the rulings of this order **by May 19, 2025**.  As to Mr. Brin's Fourth

20   Amendment unlawful search claim, his § 1985(3) claim, his § 1986 claim, and his claims

21

22        [4] As stated above, Mr. Brin's Fifth Amendment claim fails as a matter of law, so Mr. Brin
     is not permitted to include that claim in his amended complaint.

1   against Officer Jordal, Mr. Brin's amended complaint must address the deficiencies

2   identified in this order.  Failure to do so will result in dismissal of his Fourth Amendment

3   unlawful search claim, his § 1985(3) claim, his § 1986 claim, and his claims against

4   Officer Jordal with prejudice.

5        Dated this 9th day of May, 2025.

6                                                              _____

7                                                              JAMES L. ROBART
                                                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 13