UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN MICHAEL BRIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA HARTWICK, et al.,<br><br>　　　　　Defendants. | CASE NO. C24-1019JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is *pro se* Plaintiff Darren Michael Brin's first amended complaint against Defendants Joshua Hartwick, Felicia Espana, James Jordal, and Keith Polzin (together, "Defendants"), filed pursuant to the court's May 9, 2025 order granting in part and denying in part Mr. Brin's second motion seeking leave to file an amended complaint and granting him limited leave to amend. (1st Am. Compl. (Dkt. # 26); 5/9/25 Order (Dkt. # 25); 2d Mot. (Dkt. # 20-1).) The court has reviewed Mr. Brin's first amended complaint and concludes that he states a Fourth Amendment unlawful detention

claim, a Fourth Amendment unlawful search claim, and a § 1983 false imprisonment claim. Mr. Brin has also corrected the deficiencies identified with respect to his claims against Officer Jordal. As explained more fully below, however, the court dismisses the balance of Mr. Brin's claims as alleged in his first amended complaint.

## II.    BACKGROUND[1]

Mr. Brin commenced this action in King County Superior Court in April 2024, alleging that Defendants violated his constitutional rights by subjecting him to a false arrest. (Compl. (Dkt. # 1-1) at 1-5.) Defendants removed the action to this court in July 2024. (Removal Not. (Dkt. # 1) ¶¶ 5-9.) On February 25, 2025, Mr. Brin timely moved for leave to file an amended complaint. (See 1st Mot.; 9/10/24 Order (setting the deadline to amend pleadings for April 8, 2025).) After the deadline to amend pleadings expired, however, Mr. Brin "rework[ed]" his proposed amended complaint and filed a second motion seeking leave to amend. (2d Mot. at 2; *see generally id*.) Mr. Brin's proposed amended complaint alleged claims under § 1983 for violations of the Fourth Amendment, Fifth Amendment, and false imprisonment, as well as claims under § 1985(3), and § 1986. (Prop. Am. Compl. (Dkt. # 20).)

On May 9, 2025, after concluding that Mr. Brin demonstrated good cause for his late request for leave to amend, the court granted in part and denied in part Mr. Brin's second motion seeking leave to amend his complaint. (5/9/25 Order at 3, 13.)

---

[1] The court detailed the factual and procedural background of this case in its May 9, 2025 order. (*See* 5/9/25 Order at 2-3.) The court assumes the reader is familiar with that order and does not repeat that background here except as necessary to its analysis.

Specifically, the court granted Mr. Brin's second motion for leave to amend with respect to his Fourth Amendment unlawful detention claim and his § 1983 false imprisonment claim. (*Id.* at 6-7, 9.) The court, however, denied Mr. Brin's motion with respect to his Fourth Amendment unlawful search claim, his § 1985(3) claim, § 1986 claim, and his claims against Officer Jordal on the basis that his allegations related to those claims failed to state a claim upon which relief could be granted. (*Id.* at 8-11.)[2] Because the court concluded that Mr. Brin "could possibly state a Fourth Amendment unlawful search claim, a § 1985(3) claim, a § 1986 claim, or claims against Officer Jordal with additional factual allegations," however, the court granted Mr. Brin limited leave to amend these claims.[3] (*Id.* at 11.) The court ordered Mr. Brin to file an amended complaint that comported with the court's May 9, 2025 order by May 19, 2025. (*Id.* at 12.) The court warned Mr. Brin that failure to correct the deficiencies identified with respect to his Fourth Amendment unlawful search claim, his § 1985(3) claim, his § 1986 claim, and his claims against Officer Jordal would result in dismissal of those claims with prejudice. (*Id.*) The court now considers whether these claims as amended in Mr. Brin's first amended complaint state a claim upon which relief may be granted.

---

[2] The court also denied Mr. Brin's motion with respect to Mr. Brin's Fifth Amendment claim as legally erroneous and dismissed that claim with prejudice. (*Id.* at 8-9.)

[3] The court granted Mr. Brin limited leave to amend because the *sua sponte* dismissal of a claim without leave to amend is appropriate "only where the plaintiff cannot possibly win relief." (*See id.* at 11 (quoting *Reed v. Lieurance*, 863 F.3d 1196, 1208 (9th Cir. 2017).)

## III. ANALYSIS

Like Mr. Brin's proposed amended complaint, his first amended complaint re-alleges Fourth Amendment unlawful detention and unlawful search claims, claims for § 1983 false imprisonment, § 1985(3) conspiracy, a § 1986 claim, and claims against Officer Jordal. (*See* 1st Am. Compl.) Mr. Brin also included, however, claims for "false reporting," emotional distress, and Eighth Amendment violations. (*Id.* at 4-5.) The court reviews Mr. Brin's Fourth Amendment unlawful search claims, his § 1985(3) conspiracy claim and § 1986 claim, and his newly asserted claims below.[4]

### A. Fourth Amendment Unlawful Search

In its May 9, 2025 order, the court concluded that Mr. Brin failed to state a Fourth Amendment unlawful search claim because he did not provide any facts describing what Defendants allegedly did to search him. (5/9/25 Order at 8.) In his first amended complaint, Mr. Brin alleges that Defendants "physically searched [him] by patting down his outer clothing, inspecting his pockets, and seizing his phone, despite lacking a warrant, consent, or probable cause." (1st Am. Compl. at 2.) These allegations suffice to state a Fourth Amendment unlawful search claim.

---

[4] As stated, the court concluded that Mr. Brin plausibly stated a Fourth Amendment unlawful detention claim and a § 1983 false imprisonment claim in his proposed amended complaint. (5/9/25 Order at 6-7, 9.) Because Mr. Brin's Fourth Amendment unlawful detention and § 1983 false imprisonment claims alleged in his first amended complaint included different allegations from his proposed amended complaint, the court reviewed those claims as alleged in his first amended complaint and concludes that he continues to plausibly plead those two claims.

**B.    42 U.S.C. § 1985(3) Conspiracy Claim**

Mr. Brin also alleges that Defendants violated 42 U.S.C. § 1985(3).  (*Id.* at 4.)  In its May 9, 2025 order, the court concluded that Mr. Brin failed to state a § 1985(3) conspiracy claim because he failed to allege facts identifying the object of the conspiracy or showing an agreement among Defendants to conspire against him.  (5/9/25 Order at 10.)  In his first amended complaint, Mr. Brin alleges that Defendants conspired to "act[] in concert to justify [Mr. Brin's] unlawful detention."  (1st Am. Compl. at 4.)  Specifically, he asserts that Defendants "suppressed dispatch audio confirming exculpatory statements, omitted material facts from their narratives, and later submitted altered or backdated documents after a public records request was filed" to "create a false justification for Plaintiff's detention and to obscure their misconduct[.]"  (*Id.*)  Mr. Brin, however, has not alleged any facts showing that Defendants agreed to conspire against him.  (*See generally id.*)  Accordingly, the court concludes that Mr. Brin has failed to state a § 1985(3) conspiracy claim and this claim is therefore dismissed with prejudice.

**C.    42 U.S.C. § 1986 Claim**

In order to plausibly plead a § 1986 claim, Mr. Brin must also plausibly plead a § 1985 claim.  *See Farley v. Henderson*, 883 F.2d 709, 711 n.3 (9th Cir. 1989) ("[Plaintiff] is precluded from bringing a claim under 42 U.S.C. § 1986 because he has failed to allege a claim under 42 U.S.C. § 1985.").  Because Mr. Brin failed to state a § 1985 claim, his § 1986 claims fails as well.  Thus, this claim is also dismissed with prejudice.

### D. Claims Against Officer Jordal

As to his claims against Officer Jordal, Mr. Brin alleges that Officer Jordal was present during Mr. Brin's allegedly unlawful detention but "did not intervene despite clear evidence that [Mr. Brin] had been cleared through two field identifications." (1st Am. Compl. at 4.)  Mr. Brin further alleges that Officer Jordal's "silence and failure to act enabled the continued unlawful restraint[.]" (*Id.*)  Mr. Brin's allegations against Officer Jordal appear to relate to the alleged unlawful detainment and search of Mr. Brin. (*See id.*; *see also id.* at 2 ("the officers then physically searched [Mr. Brin]").)  In construing Mr. Brin's *pro se* pleading liberally, *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), the court concludes that Mr. Brin sufficiently states Fourth Amendment unlawful detention and search claims, as well as § 1983 false imprisonment claims, against Officer Jordal.

### E. Newly Asserted Claims

Mr. Brin also alleges several claims that did not appear in the proposed amended complaint attached to his second motion to amend. (*See generally* Prop. Am. Compl.; *see id.* at 4-5 (listing claims for relief).)  Specifically, Mr. Brin's first amended complaint includes claims for "false reporting," emotional distress, and Eighth Amendment violations. (1st Am. Compl. at 4-5.)  Mr. Brin, however, has not demonstrated good cause to justify modifying the case scheduling order to permit these untimely claims at this stage. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (stating that once the deadline to file amended pleadings has passed, a party must show "good cause" to justify the case scheduling order under Rule 16(b)).  "Rule 16(b)'s

1    'good cause' standard primarily considers the diligence of the party seeking the

2    amendment." *Id*. at 609.  Mr. Brin does not explain why he did not include these newly

3    asserted claims in the proposed amended complaint he attached to his second motion for

4    leave.  Moreover, the court concludes that permitting Mr. Brin to amend his complaint to

5    add these claims would be improper at this stage of the case.[5]  Not only has Mr. Brin

6    demonstrated undue delay with respect to these claims, but he has also already amended

7    his pleading once—and the court granted him leave to do so even though that amendment

8    was untimely.  (*See* 5/9/25 Order at 2-3, 12.)  Furthermore, the court concludes that

9    permitting Mr. Brin to add new claims at this juncture would prejudice Defendants.

10    Indeed, the deadline for dispositive motions is set for July 7, 2025, leaving Defendants

11    with inadequate time to conduct discovery with respect to Mr. Brin's newly asserted

12    claims.  (*See* 9/10/24 Min. Order (Dkt. # 16).)  Accordingly, the court dismisses these

13    new claims without prejudice.[6]

### IV.  CONCLUSION

15    Based on the foregoing, the court ORDERS as follows:

16    (1) Mr. Brin is permitted to proceed in this case with respect to his Fourth

---

[5] In considering whether an amendment to a pleading is proper under Rule 15(a)(2), the court considers five factors:  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

[6] The court observes that Mr. Brin also appears to assert claims against "Officer Nicholas Brown[.]"  (1st Am. Compl. at 2.)  Because Mr. Brown was not previously named as a defendant in this action, and because Mr. Brin has failed to demonstrate good cause for adding Officer Brown as a defendant at this stage of the case, the court will not permit Mr. Brin to amend his complaint to add claims against Officer Brown.

ORDER - 7

Amendment unlawful detention claim, Fourth Amendment unlawful search claim, § 1983 false imprisonment claim, and his claims against Officer Jordal. This order should not be construed as prohibiting Defendants from filing dispositive motions with respect to these claims;

(2) Mr. Brin's 42 U.S.C. §§ 1985(3) and 1986 claims are DISMISSED with prejudice; and

(3) Mr. Brin's claims for "false reporting," emotional distress, and Eighth Amendment violations are DISMISSED without prejudice.

Dated this 19th day of May, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 8