UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN MICHAEL BRIN,<br><br>                 Plaintiff,<br><br>    v.<br><br>JOSHUA HARTWICK, et al.,<br><br>                 Defendants. | CASE NO. C24-1019JLR<br><br>ORDER TO SHOW CAUSE |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Darren-Michael Brin's untimely second revised list of trial exhibits. (Sec. Rev. Exs. (Dkt. # 73).) Without petitioning the court for leave to file after the stated deadline, Mr. Brin late-filed his submission, purportedly because of the October 10, 2025 deadline's proximity to a holiday weekend. (Brin Not. (Dkt. # 74).) Defendants object to Mr. Brin's second revised trial exhibit list. (Def. Obj. (Dkt. # 75).) Mr. Brin's untimely, procedurally improper filing joins a lengthy list of his procedural missteps, missed deadlines, and unexcused absences before this court. Accordingly, the

ORDER - 1

court ORDERS Mr. Brin to show cause why the court should not dismiss this action with prejudice based on his repeated, willful failures to follow the court's orders, to meet stated deadlines, and to comply with this district's Local Civil Rules and the Federal Rules of Civil Procedure.

## II.   BACKGROUND

Mr. Brin has developed a pattern of filing documents that are late and that do not conform to this court's orders, this District's Local Civil Rules, and the Federal Rules of Civil Procedure.  First, on September 30, 2025, Mr. Brin submitted an untimely, unilateral, and nonconforming proposed pretrial order that included a list of exhibits he had previously filed in connection with his response to Defendants' motion for summary judgment.  (Brin PTO (Dkt. # 63); *see also* SJ Exs. (Dkt. ## 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 (exhibits filed on the court docket).)  Mr. Brin's proposed pretrial order did not comply with Local Civil Rule 16 or the court's scheduling order, which set the deadline for the parties to file an agreed pretrial order on September 29, 2025.  (*See* Brin PTO; 10/1/25 OSC (Dkt. # 64) (ordering Mr. Brin to show cause why the court should consider his late-filed proposed pretrial order); Sched. Order (Dkt. # 16)); *see also* Local Rules W.D. Wash. LCR 16(e), (h)-(k) (setting forth the process for developing the agreed pretrial order).  Although Mr. Brin had filed his proposed exhibits on the court docket at the summary judgment stage, he did not provide copies of his proposed trial exhibits to Defendants in advance of the pretrial order deadline.  (*See* SJ Exs.; Def. Obj.); *see* Local Rules W.D. Wash. LCR 16(j) (requiring each party to "promptly" make each exhibit listed in its pretrial statement available to the opposing party).  Moreover, in preparing a

proposed pretrial order, Mr. Brin served his pretrial statement on Defendants more than a week late, which necessarily undermined the parties' ability to collaborate on and timely file a joint proposed pretrial order. (*See* OSC Resp. (Dkt. # 65) at 2 (stating that Mr. Brin submitted his pretrial statement on September 9, 2025)); Local Rules W.D. Wash. LCR 16(h) (requiring plaintiffs to serve their pretrial statements "[n]ot later than 30 days prior" to the deadline for the proposed pretrial order).

Second, despite at least three scheduling entries on the docket and reminders via email from the court, and despite the fact that he has been registered for electronic filing and service within days of this action's removal to federal court, Mr. Brin did not attend the October 6, 2025 pretrial conference because he allegedly believed it was scheduled for a different date. (*See* Sched. Order; Not. of Hearing (Dkt. # 60) ("Pretrial conference set for Monday, 10/6/25 is now at 9:30 AM in Courtroom 14206[.]"); Not. of Hearing (Dkt. # 61)("Pretrial conference set for Monday, 10/6/25 will take place in Courtroom 14106[.]"); *see also* Brin Stmt. (Dkt. # 68) (stating Mr. Brin believed the pretrial conference was scheduled for October 9, 2025); 10/6/25 Min. Entry (Dkt. # 66) (noting that Mr. Brin did not appear at the pretrial conference).)

Third, on October 7, 2025, the court ordered Mr. Brin to submit a revised table of trial exhibits in the form prescribed by Local Civil Rule 16.1, to eliminate composite exhibits and annotated text for which there was no foundation, and to adopt the numbering system directed by the scheduling order. (10/7/25 Order (Dkt. # 69); *see* Sched. Order at 3 ("Plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with A-1."); *see* Local

Rules W.D. Wash. LCR 16.1 (prescribing the form of the pretrial order).  On October 8, 2025, Mr. Brin filed his revised list of trial exhibits, which again failed to comply with this District's Local Civil Rules and the court's scheduling order.  (Rev. Exs. (Dkt. # 70).)  Specifically, Mr. Brin again failed to use the form prescribed by Local Civil Rule 16.1 and the court-ordered numbering system, and again failed to provide Defendants copies of his proposed trial exhibits.  (*Id.*; *see* Def. Obj.)  Accordingly, on October 8, 2025, the court again ordered Mr. Brin to submit a revised table of trial exhibits that complied with LCR 16.1 and the court's scheduling order.  (10/8/25 Order (Dkt. # 71).) (setting an October 10, 2025 deadline for the second revised list of trial exhibits).  With less than two weeks remaining before the start of the trial, the court warned that, "in the event of further missed appearances or missed deadlines, the court will consider sanctions, up to and including dismissal of his case." (*Id.*)

Fourth, despite the clear guidance the court provided in its October 8, 2025 order, Mr. Brin filed his second revised list of trial exhibits three days after the October 10, 2025 deadline.  (*See* Sec. Rev. Exs.)  Mr. Brin's second revised list of trial exhibits again failed to comply with Local Civil Rule 16.1 and the numbering scheme set forth in the scheduling order.  (*See id.*)  Offering little by way of apology or credible excuse for his tardy submission and continued failure to follow the court's instructions, Mr. Brin asserts that "[t]he delay was due to the Court's deadline coinciding with a federal holiday weekend and the timing of the electronic notice." (*Id.*)  The court's October 10, 2025 deadline, however, fell on the Friday before a holiday weekend and was not itself a federal holiday.  Although Mr. Brin cited Federal Rule of Civil Procedure 6(b)(1) as

ORDER - 4

1  justification for his late filing, that rule sets forth the procedure for *courts* to amend stated

2  deadlines. Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified

3  time, *the court* may, for good cause, extend the time[.]") (emphasis added). It does not

4  allow a party to extend a deadline unilaterally absent the court's leave. *See id.*

5        Fifth, Mr. Brin filed his trial brief and proposed voir dire one day late, on October

6  15, 2025, and failed entirely to submit proposed jury instructions. (*See* Brin Tr. Br. (Dkt.

7  # 80); Brin Voir Dire (Dkt. # 79); *see also* Sched. Order (setting an October 14, 2025

8  deadline for the parties to file trial briefs, proposed jury instructions, and proposed voir

9  dire)); *see* Local Rules W.D. Wash. LCR 51 (setting forth the process for developing

10 joint and disputed jury instructions).

11       Mindful of Mr. Brin's *pro se* status, on several occasions throughout this litigation

12 the court permitted him flexibility and provided additional guidance. For example, on

13 July 23, 2024, the court provided to Mr. Brin information and resources regarding

14 appearing before this court. (7/23/24 Order (Dkt. # 9).) The court also permitted Mr.

15 Brin to late-file a motion for leave to file a second amended complaint after the deadline

16 expired for such action. (*See* Sec. Mot. to Amend (Dkt. # 20); 5/9/25 Order (Dkt. # 25)

17 (finding good cause to grant in part Mr. Brin's second motion for leave to file an

18 amended complaint); Sched. Order (setting a March 10, 2025 deadline for amending

19 pleadings).) Similarly, after Mr. Brin did not appear during the pretrial conference, the

20 court attempted to lighten the burden on Mr. Brin by ordering Defendants to revise the

21 proposed pretrial order to incorporate the agreed upon elements in the parties' separate

22 proposed pretrial orders. (10/6/25 Order (Dkt. # 67).)

ORDER - 5

### III. ANALYSIS

Mr. Brin's continued filing of untimely submissions and failure to follow the court's instructions is inexcusable, an obstacle to "effective pretrial procedures[,]" and "wast[es] the time of the parties, counsel, and the court," particularly when Defendants have timely submitted all required materials. Local Rules W.D. Wash. LCR 16(m)(1). Although Mr. Brin is proceeding as a *pro se* litigant, he is expected to follow the same rules of procedure that govern other litigants. *See*, *e.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The court further notes that Mr. Brin appears to routinely submit his materials only after Defendants have timely submitted their materials to the court. (*See generally* Dkt.) This practice prejudicially affords to Mr. Brin the benefit of reviewing Defendants submissions before submitting his own and impermissibly deprives Defendants of trial preparation time.

Under Federal Rules of Civil Procedure and this District's Local Civil Rules, courts may sanction parties who willfully ignore the court's deadlines and fail to attend pretrial conferences. Local Rules W.D. Wash. LCR 16(m)(1) (providing that the provisions of Local Civil Rule 16 "will be strictly enforced" and that the court may issues sanctions for failure to comply in accordance with Local Civil Rule 11 and the Federal Rules of Civil Procedure); Fed. R. Civ. P. 16(f)(1)(A) (allowing sanctions outlined in Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)); *see Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (affirming a district court's imposition of sanctions on a party for failure to attend a pretrial mediation session). As relevant here, the court may, at its discretion, dismiss the action for failure

to obey any order except an order to submit to physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A). The Ninth Circuit uses a five factor test to consider whether a case-dispositive sanction under Rule 37 is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "[T]he first and second factors ordinarily will support the sanction while the fourth factor oridinarily will not. The third and fifth factors are generally detrminative[.]" *Johnson v. Goldsmith*, 542 F. App'x 607, 608 (9th Cir. 2013) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

The first *Conn. Gen. Life Ins. Co.* factor weighs in favor of imposing terminating sanctions on Mr. Brin because, although "[o]rderly and expeditious resolution of disputes is of great importance to the rule of law[,] ….delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, maneageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). This case has been pending since July of 2024 and Mr. Brin's refusal to fully and adequately participate in the judicial process casts doubts on the fairness of the outcome and is an obstruction to the public's interest in expeditious resolution of litigation. *See Yorish v. California Amplifies*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.")

1    The second factor also weighs in favor of the court imposing terminating sanctions
2  on Mr. Brin.  In light of the significant judicial resources expended to date, the Court's
3  ability to efficiently manage its docket has been impaired.  Mr. Brin's absence from the
4  pretrial conference, continued willful disregard for submission criteria and deadlines, and
5  refusal to provide Defendants with trial exhibits is costly in terms of time, money, and
6  human resources.  The court has spent considerable time addressing Mr. Brin's motions,
7  and Mr. Brin's failure to attend his own pretrial conference and to timely submit a pretrial
8  order, trial brief, and jury instructions has required additional judicial resources and
9  undermined the court's efforts to manage this litigation.  *See Pagtalunan v. Galaza*, 291
10 F.3d 639, 642 (9th Cir. 2002) (finding this factor weighs in favor of dismissal where a
11 plaintiff's petition "consumed some of the court's time that could have been devoted to
12 other cases on the docket").
13    As to the third factor, although Defendants have not yet requested terminating
14 sanctions, there is a substantial risk of prejudice to Defendants if this matter proceeds to
15 trial.  Thus, this factor also weighs in favor of termination.  Defendants have already been
16 prejudiced by the time, effort, and expenses needed to defend this case, including the
17 expenses of preparing for and attending the pretrial conference, which Mr. Brin did not
18 attend.  (*See* 10/6/25 Min. Entry.)  Indeed, Mr. Brin's delays have worked to his own
19 benefit by unfairly affording him an opportunity to review Defendants' submissions
20 before providing his own.  Moreover, at this late hour, Mr. Brin's continued failures have
21 prejudiced both the court's ability to prepare for trial and Defendants' ability to put on an
22 effective trial defense.  *See Pagtalunan*, 291 F.3d at 643 (plaintiff's poor excuse for

missed deadline "indicates that there was sufficient prejudice to defendants from the delay" and favors terminating sanctions). Consequently, this factor strongly favors dismissal.

The fourth factor weighs against dismissal here, as it does in all cases, because public policy favors disposition of cases on their merits. *Id*.

"[F]actor 5 involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs Inc. v. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987)). Mr. Brin was warned in the court's October 8, 2025 order that further missed deadlines or failures to appear would result in sanctions, including case terminating sanctions. (10/8/25 Order at 3.) Despite this guidance, Mr. Brin untimely filed, or entirely failed to file, his next four pretrial submissions. (*See* Sec. Rev. Exs.; Brin Tr. Br.; Brin Voir Dire.)[1] The court has not imposed lesser sanctions to date, but, now on the eve of trial, lesser sanctions are not available to the court. Nonetheless, "it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning" before dismissing a case. *Valley*, 158 F.3d at 1057 (citing *Adriana*, 913 F.2d at 1413). Accordingly, this factor also weighs in favor of dismissal.

//

//

---

[1] Specifically, Mr. Brin untimely filed his second revised exhibits, trial brief, and voir dire, and he did not file jury instructions. (*See generally* Dkt.)

ORDER - 9

## IV.    ORDER TO SHOW CAUSE

In light of Mr. Brin's repeated failure to follow the court's orders, to meet deadlines, and to comply with this district's Local Civil Rules and the Federal Rules of Civil Procedure, Mr. Brin is ORDERED:

(1) To show cause, by no later than **October 17, 2025**, why the court should not dismiss with prejudice this action as a sanction for his repeated, willful failure to follow the court's orders and stated deadlines, including his failure to appear at the October 6, 2025 pretrial conference.  Trial is slated to begin on Monday, October 20, 2025 at 9:00 a.m. (PT).  On that date, beginning at **8:30 a.m.**, the court will also hear oral arguments from both parties as to whether the court should dismiss this case or proceed with trial.

(2) To file, by no later than **October 17, 2025**, a revised list of trial exhibits that complies with Local Civil Rule 16.1, the court's scheduling order, and all other previously provided court guidance.  Specifically, Mr. Brin must list his exhibits using the form exhibit table included in Local Civil Rule 16.1 and number each exhibit consecutively between 1 and approximately 70.  For example, Exhibit 1 shall be listed as "1. Google Maps screenshot showing red Nissan near Willina Ranch Apartments."  The list must not group the exhibits in batches, and the exhibit numbers must not be prefaced with a letter, such as "A-1" or "B-1."

1     (3) By no later than **October 17, 2025 at 5:00 p.m. (PT)**, Mr. Brin must also provide each exhibit on his exhibit list to Defendants for review as required by Local Civil Rule 16(j).

Dated this 16th day of October, 2025.

                               JAMES L. ROBART
                               United States District Judge

ORDER - 11