UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN MICHAEL BRIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA HARTWICK, et al.,<br><br>　　　　　　Defendants. | CASE NO. C24-1019JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court are two motions filed by *pro se* Plaintiff Darren-Michael Brin: (1) a motion for reconsideration of the court's September 16, 2025 order denying his motion for summary judgment and granting in part and denying in part Defendants' motion for summary judgment (MFR (Dkt. # 84)) and (2) a motion to stay the October 20, 2025 trial in this matter pending a decision on the motion for reconsideration (MTS (Dkt. # 85); *see* Sched. Order (Dkt. # 16)).  Mr. Brin also filed two supplements in support of his motion for reconsideration and a declaration regarding an audio file he

ORDER - 1

submitted as an exhibit to his motion for summary judgment. (*See* 10/18/25 Supp. (Dkt. # 89); 10/19/25 Supp. (Dkt. # 91); 10/20/25 Supp. Decl. (Dkt. # 92).) The court has considered Mr. Brin's motions and supplements, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Mr. Brin's motion for reconsideration and DENIES Mr. Brin's motion to stay as moot.

## II. BACKGROUND

On June 9, 2025, Mr. Brin moved for summary judgment in his favor on his claims for unlawful detention, unlawful search, and false imprisonment under 42 U.S.C. § 1983. (Brin MSJ (Dkt. # 29).) He filed a declaration and exhibits on June 9 and 10, 2025. (*See* 6/10/25 Brin Decl. (Dkt. # 42); Brin Exs. (Dkt. ## 30-41).) On June 13, 2025, Mr. Brin filed a supplemental declaration and a USB flash drive containing two audio recordings. (*See* 6/13/25 Brin Decl. (Dkt. # 44); Not. of Filing (Dkt. # 43); 6/17/25 Min. Entry (noting the Clerk's receipt of the USB flash drive).) Defendants filed their motion for summary judgment, in which they sought judgment in their favor on all of Mr. Brin's claims, on June 30, 2025. (Defs. MSJ (Dkt. # 48).)

The court issued its order on the motions for summary judgment on September 16, 2025. (9/16/25 Order (Dkt. # 57).) In relevant part, the court denied Mr. Brin's motion in its entirety and denied Defendants' motion except as to (1) Mr. Brin's Fourth Amendment unlawful detention claim to the extent it was based on Defendants' initial decision to detain Mr. Brin for an investigatory stop and (2) Mr. Brin's claims against Officer James Jordal. (*See generally id.*) The court ruled that Mr. Brin's claims for Fourth Amendment unlawful detention, Fourth Amendment unlawful search, and false
ORDER - 2

imprisonment against Defendants Joshua Hartwick, Felicia Espana, and Keith Polzin would proceed to trial. (*See id.* at 29-30.)

The court denied Mr. Brin's first motion for reconsideration of its summary judgment order. (*See* 9/17/25 Order (Dkt. # 59).) Mr. Brin filed the instant motions for reconsideration and to stay in the early hours of October 17, 2025. (*See* MFR; MTS.)

### III.     ANALYSIS

Reconsideration is an "extraordinary remedy . . . to be used sparingly[.]" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Motions for reconsideration are disfavored[,]" and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1).

Mr. Brin asserts that reconsideration of the court's order on the motions for summary judgment is warranted because that order was allegedly "entered without review or acknowledgement of [Mr. Brin's] properly filed and authenticated evidentiary record." (MFR at 1.) He further asserts that the order "contains no citation, discussion, or reference" to any of his exhibits or declarations and that the court's purported failure to review that evidence constitutes manifest error. (*Id.* at 1, 3-4; *see also* 10/18/25 Supp. at 2 (asserting that the summary judgment order "does not reference or analyze a single exhibit, citation, or line of evidence" filed by Mr. Brin); 10/19/25 Supp. at 4-5 (asserting that Mr. Brin's "verified audio recordings, transcripts, declarations, and documentary

exhibits . . . were wholly overlooked in the ruling" and that the court "disregard[ed] the entire evidentiary record").)

Mr. Brin's assertions are incorrect. First, the court carefully reviewed all of Mr. Brin's exhibits and declarations and cited them throughout its order. (*See, e.g.*, 9/16/25 Order at 2, 4, 5, 6, 11, 14, 18, 22 (citing Mr. Brin's exhibits and declarations).) Thus, Mr. Brin's statement that the court's order "contains no citation, discussion, or reference" to his evidence flatly misrepresents the record. Second, although both parties submitted police records and the police narratives therein in support of their motions for summary judgment, the court cited only Defendants' version of these exhibits in its order because Mr. Brin had "heavily marked" annotations on his version of the exhibits. (*See id.* at 2 n.5 (explaining why the court cited Defendants' version of the police records); *see also* 6/10/25 Brin Decl. ¶ 4, Ex. E (Dkt. # 35) (Mr. Brin's marked-up version of the police records).) Third, to the extent Mr. Brin asserts that the court did not listen to the audio recordings he provided as an exhibit to his summary judgment briefing, Mr. Brin is mistaken. The court made clear that it considered that audio in evaluating the parties' motions and cited the audio several times in its order. (*See* 6/17/25 Min. Entry (noting the Clerk's receipt of a USB drive containing the audio recordings); 9/16/25 Order at 5 n.7 (citing 6/10/25 Brin Decl. ¶¶ 4-6 and stating that the court would consider the audio); *id.* at 5, 14, 22 (citing the audio).)

For these reasons, the court concludes that Mr. Brin has not met his burden to demonstrate manifest error, new facts, or new legal authority that would justify reconsideration of the summary judgment order under Local Civil Rule 7(h). Therefore

ORDER - 4

the court DENIES Mr. Brin's motion for reconsideration.  Because Mr. Brin's motion to stay seeks a stay of trial pending the court's resolution of the motion for reconsideration (*see* MFR at 4), the court DENIES Mr. Brin's motion to stay as moot.

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES Mr. Brin's motion for reconsideration (Dkt. # 84) and DENIES Mr. Brin's motion to stay (Dkt. # 85) as moot.

Dated this 20th day of October, 2025.

JAMES L. ROBART
United States District Judge