UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN MICHAEL BRIN, | CASE NO. C24-1019JLR |
| Plaintiff, | ORDER |
| v. | |
| JOSHUA HARTWICK, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is Defendants' motion for case terminating sanctions against *pro se* Plaintiff Darren-Michael Brin for his continued failure to comply with court orders and pretrial deadlines and refusal to provide Defendants his trial exhibits in accordance with the court's orders, this District's Local Civil Rules, and the Federal Rules of Civil Procedure.  (Mot. (Dkt. # 86).)  Mr. Brin opposes the motion.  (Resp. (Dkt. # 88).)  The court has considered the motion, the relevant portions of the record, the governing law, and heard Mr. Brin's oral argument at the October 20, 2025 pretrial hearing.  Being fully

1    advised, the court GRANTS Defendants' motion for case terminating sanctions and

2    DISMISSES the case with prejudice.

3                                    II.    BACKGROUND

4             The court set forth the history of Mr. Brin's procedural missteps, missed

5    deadlines, and unexcused absences in two orders to show cause, and therefore does not

6    repeat that background here except as relevant.  (*See* 10/16/25 Order (Dkt. # 82)

7    (ordering Mr. Brin to show cause why the court should not dismiss this case for his

8    willful, repeated failures to abide by the court's orders and stated deadlines); 10/1/25

9    Order (Dkt. # 64) (ordering Mr. Brin to show cause why the court should consider his

10   late-filed pretrial order).)

11            This case has been pending before the court since July 2024.  (Not. of Removal

12   (Dkt. # 1).)  On September 10, 2024, the court entered a scheduling order setting an

13   October 20, 2025 trial date and pretrial deadlines.  (Sched. Order (Dkt. # 16).)  The

14   scheduling order also made clear to the parties that they were subject to the deadlines set

15   forth in this District's Local Civil Rules.  (*Id*. at 2.)

16            Despite this guidance, in the final weeks before trial, Mr. Brin failed to attend the

17   October 6, 2025 pretrial conference; failed to submit a pretrial order that included a table

18   of trial exhibits that complied with Local Civil Rule 16.1 and the court's scheduling

19   order; and refused to provide copies of his trial exhibits to Defendants and the court.

20

21

22

(*See generally* 10/7/25 Order (Dkt. # 69) (ordering Mr. Brin to submit a revised table of trial exhibits that complies with Local Civil Rule 16.1 and the scheduling order[1]).)

On October 8, 2025, the court again ordered Mr. Brin to submit a revised table of trial exhibits that complied with Local Civil Rule 16.1 and the scheduling order, and warned Mr. Brin that "in the event of further missed deadlines, the court will consider sanctions, up to and including dismissal of his case." (*See generally* 10/8/25 Order (Dkt. # 71).) Nevertheless, Mr. Brin filed his trial brief one day late; his proposed voir dire one day late; and his proposed jury instructions four days late. (*See* Sched. Order (setting an October 14, 2025 deadline for the parties to file trial briefs, proposed voir dire, and jury instructions); *see generally* Dkt.)

On October 16, 2025, the court ordered Mr. Brin to show cause why it should not dismiss his case as a sanction for his repeated failures to satisfy the Local Civil Rules and the scheduling order. (10/16/25 Order.) The court also ordered Mr. Brin to revise and refile his trial exhibit table; provide Defendants with a copy of his trial exhibits by October 17, 2025, at 5:00 p.m.; and appear at a hearing on October 20, 2025, at 8:30 a.m. to present argument regarding the show cause order. (*Id.*) On that same day, Mr. Brin violated the scheduling order by failing to deliver one original and one copy of his trial exhibits to the court on the Thursday prior to trial. (Sched. Order at 2-3.)

---

[1] The court also observed that Mr. Brin's exhibits were composite exhibits containing multiple documents, files, or photograhs, and were annotated with arguments, conjecture, and explanatory text. (*Id.*)

1       On October 17, 2025, Mr. Brin filed a response to the court's October 16, 2025

2    order in which he asserted that "[t]he record already demonstrates [his] full compliance

3    and timely submission of every required exhibit, declaration, and revised exhibit list" and

4    accused the court of failing to review the case docket.  (OSC Resp. (Dkt. # 83).)

5    Referring to his summary judgment exhibits, Mr. Brin contended that "every exhibit

6    ordered to be produced already exists in the record[.]"  (*Id.* at 3.)  Accordingly, Mr. Brin

7    neither filed a revised trial exhibit table, nor provided Defendants a copy of his trial

8    exhibits before the 5:00 p.m. deadline.  (*See generally* Dkt.)  Mr. Brin then filed a motion

9    for reconsideration of the court's September 16, 2025 order denying his motion for

10   summary judgment and granting in part Defendants' motion for summary judgment in

11   which he asserted that the court had failed to consider his summary judgment exhibits.

12   (MFR (Dkt. # 84).)  He also moved to stay the trial pending resolution of his motion for

13   reconsideration.  (MTS (Dkt. # 85).[2])

14       Later that same day, Defendants filed the instant motion to dismiss in which they

15   assert that Mr. Brin's "open defiance" of the court's orders and continued refusal to

16   provide his trial exhibits justifies case-dispositive sanctions.  (Mot. at 1-2.)  The court

17   ordered the parties to be prepared to proceed with trial on October 20, 2025, as

18   scheduled.  (10/17/25 Min. Ord. (Dkt. # 87).)

19       On October 18, 2025, Mr. Brin filed a response in which he asserts that

20   Defendants' motion is "factually inaccurate" and again insists that he "filed all required

21

22   _____
     [2] The court denied these motions on October 20, 2025.  (*See* 10/20/25 Order (Dkt. # 95).)

1    materials[.]"  (Resp. at 1.)  Mr. Brin also filed jury instructions, which were four days

2    late, omitted proposed preliminary instructions, and failed to comply with the District's

3    rules governing jury instructions.  (Brin JI (Dkt. # 90)); *see* Local Rules W.D. Wash.

4    LCR 51 (setting forth the procedure for developing the parties' statements of joint and

5    disputed jury instructions).

6          On October 20, 2025, Mr. Brin appeared at the pretrial hearing.  (*See* 10/20/25

7    Min. Entry (Dkt. # 93); 10/20/25 H'rg Tr. (Dkt. # 99).)  During oral argument, Mr. Brin

8    acknowledged that he missed the pretrial conference because he failed to properly notice

9    the three scheduling entries on the docket.  (10/20/25 H'rg Tr.)  Mr. Brin also argued that

10   he missed numerous pretrial deadlines because he is "not a seasoned lawyer" and asserted

11   that providing most submissions days after the deadlines or mere hours before trial was

12   "the best that he could do."  (*Id*.)  Finally, Mr. Brin explained that, despite several court

13   orders directing him to directly serve Defendants his trial exhibits and the local and

14   federal rules directing him to do the same, he assumed that the exhibits he filed on the

15   docket in connection with his summary judgment motion would also serve as trial

16   exhibits.  (*Id*.)  Only during the final minutes before trial was scheduled to begin did Mr.

17   Brin offer to correct his exhibits and finally provide them to the court and Defendants.

18         Although Mr. Brin offered apologies for his failure to meet the pretrial deadlines,

19   he ultimately was unable to show good cause why the court should not impose

20   terminating sanctions.  At the end of the hearing, the court orally granted Defendants'

21   motion for terminating sanctions against Mr. Brin, struck the trial, and stated that a

22   written order would follow.

1

### III.    ANALYSIS

2      District courts have broad discretion in supervising the pretrial phase of litigation.

3  *Fed. Deposit Ins. Corp. v. Glickman*, 450 F.2d 416, 419 (9th Cir. 1971).  Accordingly, in

4  the interest of efficient and effective case management, trial courts "routinely set

5  schedules and establish deadlines[.]"  *Wong v. Regents of Univ. of California*, 410 F.3d

6  1052, 1060 (9th Cir. 2005).  As the Ninth Circuit has recognized, efforts to "foster the

7  efficient treatment and resolution of cases . . . will be successful only if the deadlines are

8  taken seriously by the parties, and the best way to encourage that is to enforce the

9  deadlines[,]" including through the imposition of sanctions.  *Id*.  Although Mr. Brin is

10  proceeding as a *pro se* litigant, he is expected to follow the same rules of procedure and

11  meet the same deadlines as represented litigants.  *See, e.g.*, *Briones v. Riviera Hotel &*

12  *Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

13      Federal Rule of Civil Procedure 16(b) authorizes the court to establish schedules

14  and deadlines, and Rule 16(f) empowers the court to enforce those deadlines by imposing

15  sanctions.  Fed. R. Civ. P. 16(b), (f); *see Wong*, 410 F.3d at 1060.  The Local Civil Rules

16  also authorize sanctions for failure to satisfy deadlines and comply with local and federal

17  rules.  *See* Local Rules W.D. Wash. LCR 16(m)(1) (providing that the provisions of

18  Local Civil Rule 16 "will be strictly enforced" and that the court may issue sanctions for

19  failure to comply).  Dismissal, however, is considered an extreme sanction and is

20  authorized only where the failure to comply is due to willfulness, bad faith, or fault of the

21  party.  *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091,

22  1096 (9th Cir. 2007) (citing *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir. 2003)).

1    The Ninth Circuit uses a five factor test to consider whether a case-dispositive

2    sanction is appropriate: "(1) the public's interest in expeditious resolution of litigation;

3    (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking

4    sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the

5    availability of less drastic sanctions." *Id.*  "[T]he first and second factors ordinarily will

6    support the sanction while the fourth factor ordinarily will not.  The third and fifth factors

7    are generally determinative[.]"  *Johnson v. Goldsmith*, 542 F. App'x 607, 608 (9th Cir.

8    2013) (*citing Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).  The

9    party seeking to avoid sanctions bears the burden of showing that sanctions would be

10    unjust.  *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008) (citing *Yeti by Molly,*

11    *Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107) (9th Cir. 2001)).

12    The court concludes that case-dispositive sanctions are warranted here.  First, the

13    court finds that Mr. Brin's failure to comply with pretrial requirements is due to

14    willfulness because his failures were not due to circumstances beyond his control.  *Fair*

15    *Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (holding that disobedient

16    conduct not shown to be outside the litigant's control is sufficient to establish

17    willfulness).  Mr. Brin admits that he failed to attend the October 6, 2025 pretrial

18    conference because he paid too little attention to the relevant scheduling entries.  (*See*

19    Brin Stmt. (Dkt. # 68) stating he failed to attend the October 6, 2025 pretrial conference

20    because he believed it was scheduled for a different date).)  Additionally, although the

21    court three times rejected Mr. Brin's table of trial exhibits and gave him an opportunity to

22    cure the deficiencies (*see* 10/7/25 Order (providing guidance on how to cure his table of

trial exhibits); 10/8/25 Order (providing additional guidance on how to cure his table of

trial exhibits); 10/16/25 Order (directing Mr. Brin to cure his table of trial exhibits and

serve trial exhibits on Defendants)), Mr. Brin squandered those opportunities and

inaccurately claimed his submissions were already in compliance (*see* Not. (Dkt. # 74)

(stating Mr. Brin filed his second revised table of trial exhibits three days late because the

court's deadline fell on the Friday before a holiday weekend); OSC Resp. at 1 ("The

record already demonstrates full compliance and timely submission of every required

exhibit, declaration, and revised exhibit list.")).

Second, the court finds that Mr. Brin's failure to timely file proposed jury

instructions was willful.  Mr. Brin filed unilateral proposed jury instructions that were

late, incomplete, and noncompliant with the Local Civil Rules.  (*See generally* Brin JI

(Mr. Brin's jury instructions were four days late and filed less than 48 hours prior to the

start of trial.); Mot. at 2 (representing that Mr. Brin did not participate in the development

of statements of joint and disputed instructions)); *see also* Local Rules W.D. Wash. LCR

51(e) (providing that, starting twenty-one days prior to the deadline, the parties must

collaborate to submit to the court one list of joint instructions and one joint statement of

disputed instructions).

Finally, Mr. Brin stubbornly refused the court's guidance regarding his

misunderstanding of the difference between summary judgment exhibits and trial

exhibits.  (*See* 10/7/25 Order at 2; 10/16/25 Order at 11.)  Instead, Mr. Brin accused the

court of failing to review his filings and of being prejudiced against him.  (OSC Resp. at

3; *id*. at 1 ("The OSC mischaracterizes the procedural history and unfairly prejudices

1    [Mr. Brin's] standing before trial.").)  Mr. Brin's failure to satisfy the mandate to

2    exchange trial exhibits was not due to factors outside his control.  Thus, the court finds

3    his conduct was willful.  *Fair Hous. of Marin*, 285 F.3d at 905.

4         Having found that Mr. Brin willfully violated the court's orders and deadlines, the

5    court further finds that case-dispositive sanctions are warranted under the Ninth Circuit's

6    five-factor test.  The first factor weighs in favor of imposing terminating sanctions

7    because Mr. Brin's refusal to comply with pretrial requirements and deadlines obstructed

8    the parties from preparing for and timely proceeding to trial.  As the Ninth Circuit has

9    recognized, "the public's interest in expeditious resolution of litigation always favors

10   dismissal."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

11        The second factor also weighs in favor of terminal sanctions.  The court's ability

12   to efficiently manage its docket has been impaired because Mr. Brin's conduct diverted

13   the court's attention and resources from its other cases and wasted the court's time.

14   Thus, this factor also weighs in favor of dismissal.  *See Pagtalunan v. Galaza*, 291 F.3d

15   639, 642 (9th Cir. 2002) (finding this factor weighs in favor of dismissal where a

16   plaintiff's petition "consumed some of the court's time that could have been devoted to

17   other cases on the docket").

18        Regarding the third factor, Mr. Brin's untimely submissions and refusal to serve

19   Defendants his trial exhibits significantly prejudiced the Defendants.  Although Mr. Brin

20   characterizes Defendants' motion as "procedurally baseless and factually inaccurate" and

21   falsely states that he satisfied "each directive in the [c]ourt's October 16, 2025 Order"

22   (Resp. at 1-2), Mr. Brin in fact failed to satisfy his pretrial obligations.  The court agrees

1    with Defendants that Mr. Brin's missteps and defiance of court orders "placed a

2    substantial burden on Defendants to do the work of both parties in preparation for trial,

3    requiring substantial guesswork, while causing confusion, uncertainty, and a general

4    sense of chaos." (Mot. at 3); s*ee Pagtalunan*, 291 F.3d at 643 (observing that the

5    plaintiff's poor excuse for missed deadline "indicate[d]s that there was sufficient

6    prejudice to defendants from the delay" and favored terminating sanctions).

7    Consequently, this factor strongly favors dismissal.

8        The fourth factor weighs against dismissal here, as it does in all cases, because

9    public policy favors disposition of cases on their merits.  *Id.*

10        The fifth and final factor "involves consideration of three subparts: whether the

11    court explicitly discussed alternative sanctions, whether it tried them, and whether it

12    warned the recalcitrant party about the possibility of dismissal."  *Valley Eng'rs Inc. v.*

13    *Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citing *Malone v. U.S. Postal Serv.*,

14    833 F.2d 128, 132 (9th Cir. 1987)).  The court warned Mr. Brin in its October 8, 2025

15    order that further missed deadlines or failures to appear would result in sanctions,

16    including case terminating sanctions.  (10/8/25 Order at 3.)  The court has not imposed

17    lesser sanctions because lesser sanctions were not available in light of the imminent start

18    of trial.  Nonetheless, "it is not always necessary for the court to impose less serious

19    sanctions first, or to give any explicit warning" before dismissing a case.  *Valley Eng'rs*,

20    158 F.3d at 1057 (citing *Adriana Intern. Corp.*, 913 F.2d at 1413).  As a result, this factor

21    also weighs in favor of dismissal.

22

1    In sum, having found that Mr. Brin willfully violated the court's orders, the Local

2    Civil Rules, and the Federal Rules of Civil procedure, and having considered the five

3    factors, the court concludes that case-dispositive sanctions are warranted.  Accordingly,

4    the court dismisses Mr. Brin's claims against Defendants, and this action, with prejudice.

5                            **IV.    CONCLUSION**

6    For these reasons, the court concludes that Mr. Brin has not met his burden to

7    show case-dispositive sanctions would be unjust.  Therefore, the court GRANTS

8    Defendants' motion to dismiss (Dkt. # 86) and DISMISSES Mr. Brin's claims against

9    Defendants with prejudice.

10    Dated this 23rd day of October, 2025.

11

12                            JAMES L. ROBART
                             United States District Judge

13

14

15

16

17

18

19

20

21

22

ORDER - 11